ROBERT P. SMITH, Jr., Judge.
Simmons appeals from the trial court’s denial, without comment, of his Rule 3.850 motion which alleged that Simmons was denied the effective assistance of counsel in that his counsel advised him to plead nolo contendere “so that he could be sent to Walnut House, a half-way house, and was advised that he would be given a light sentence or probation thereafter.” The motion further alleged that, after 60 days in Walnut House, Simmons was returned to court where another judge, without proper advice from defendant’s counsel concerning prior proceedings, imposed a sentence of imprisonment for five years for entering without breaking.
Because the Rule 3.850 motion was not legally insufficient on its face, and the trial court neither stated a reason for denying a hearing on the motion, nor gave reference to “files and records in the case conclusively showpng] that the prisoner is entitled to no relief,” we ordered filed a transcript of the proceedings at which Simmons entered his plea. The Attorney General additionally filed docket sheets and other records of the circuit court indicating the history of the case. The records show conclusively that Simmons pleaded nolo contendere understanding that the maximum possible sentence was five years, and that the court accepted the plea after determining it was made voluntarily and with a full understanding of the consequences. Sentencing was deferred and, by agreement of defense counsel and the prosecutor, the court released Simmons on his own recognizance to Walnut House. On September 3, 1975, for violation of conditions of his release to Walnut House, Simmons was remanded to jail and, following other proceedings, was sentenced.
Thus the files and records of the circuit court show that Simmons’ Rule 3.850 motion was false or misleading in material respects, that Simmons was sentenced to imprisonment as a result of violating conditions of his release, and that he was entitled to no relief.
AFFIRMED.
MILLS, C. J. and SHIVERS, J., concur.